Liverman & Pollock, of Mansfield, and Hampden Story, of Shreveport, for appellants. Pegues & Burgess, of Mansfield, for appellee.

O'NIELL, J. The defendants have appealed from a judgment annulling a contract purporting to be a mineral lease, similar to the contract decreed null in the case of Bettie Bristo v. Christine Oil & Gas Co., 71 South. 521,[1] decided to-day. In the present case it appears that the plaintiff accepted and drew out the money deposited by the defendants with a view of preventing the forfeiture of the lease. The deposit was not made, however, until nearly a year after the option was forfeited by the defendants' failure to drill a well within the year after the signing of the contract. The suit was filed four months after the grantee made the deposit. The amount of the deposit was slightly in excess of a year's rent. But it does not appear that the rent was paid to a date beyond the time this suit was filed. The grantor's acceptance of the consideration for the time that the option was regarded by him and the grantee as being in force did not prevent his demanding that the contract be decreed null thereafter. In all other respects the facts of this case are the same as in the case of Bettie Bristo v. Christine Oil & Gas Co. For the reasons this day handed down in that case, the judgment appealed from herein is affirmed.

---

(71 South. 523)

No. 20426.

DUNHAM v. McCORMICK.

(April 3, 1916.)

Appeal from Twelfth Judicial District Court, Parish of De Soto; James G. Palmer, Judge.

Action by Kimball Dunham against W. B. McCormick. From a judgment for plaintiff, defendant appeals. Affirmed.

Hampden Story, of Shreveport, and Liverman & Pollock, of Mansfield, for appellant. Elam & Lee, of Mansfield, and J. S. Wheless, of Beaumont, Tex., for appellee.

O'NIELL, J. The defendant has appealed from a judgment annulling a contract purporting to be a mineral lease similar to the contract declared null in the case of Bettie Bristo v. Christine Oil & Gas Co., 71 South. 521,[1] decided to-day. For the reasons assigned in that case, the judgment appealed from is affirmed.

---

(71 South. 523)

No. 20429.

NERVIS v. McCORMICK.

(April 3, 1916.)

Appeal from Twelfth Judicial District Court, Parish of De Soto; James G. Palmer, Judge.

Action by Pat Nervis against W. B. McCormick. From a judgment for plaintiff, defendant appeals. Affirmed.

Liverman & Pollock, of Mansfield, and Hampden Story, of Shreveport, for appellant. Elam & Lee, of Mansfield, and J. S. Wheless, of Beaumont, Tex., for appellee.

O'NIELL, J. The defendant has appealed from a judgment annulling a contract purporting to be a mineral lease, similar to the contract declared null in the case of Bettie Bristo v. Christine Oil & Gas Co., 71 South. 521,[1] decided to-day. For the reasons assigned in that case, the judgment appealed from is affirmed.

---

(71 South. 523)

No. 20430.

PARROTT v. McCORMICK.

(April 3, 1916.)

Appeal from Twelfth Judicial District Court, Parish of De Soto; James G. Palmer, Judge.

Action by Andrew Parrott against W. B. McCormick. From a judgment for plaintiff, defendant appeals. Affirmed.

Liverman & Pollock, of Mansfield, and Hampden Story, of Shreveport, for appellant. Lee, Hardin & Atkinson, of Leesville, for appellee.

O'NIELL, J. The defendant has appealed from a judgment annulling a contract purporting to be a mineral lease, similar to the contract declared null in the case of Bettie Bristo v. Christine Oil & Gas Co., 71 South. 521,[1] de-

---

[1] Ante, p. 312.

cided to-day. For the reasons assigned in that case, the judgment appealed from is affirmed.

---

(71 South. 523)

No. 20431.

WILLIAMS v. McCORMICK.

(April 3, 1916.)

*(Syllabus by the Court.)*

ESTOPPEL ☞92(2)—ACCEPTANCE OF BENE-FITS—RESCISSION OF CONTRACT—RIGHTS OF PARTIES.

The grantor's acceptance of the consideration paid by the grantee for keeping an indefinite, and therefore invalid, option in force, during the time both parties considered it in force, does not prevent the grantor's demanding that it be decreed null thereafter.

[Ed. Note.—For other cases, see Estoppel, Cent. Dig. § 261; Dec. Dig. ☞92(2).]

Appeal from Twelfth Judicial District Court, Parish of De Soto; James G. Palmer, Judge.

Action by C. C. Williams against W. B. McCormick. From a judgment for plaintiff, defendant appeals. Affirmed.

Hampden Story, of Shreveport, and Liverman & Pollock, of Mansfield, for appellant. Parsons & Craig, of Mansfield, for appellee.

O'NIELL, J. The defendant has appealed from a judgment annulling a contract purporting to be a mineral lease, similar to the contract decreed null in the case of Bettie Bristo v. Christine Oil & Gas Co., 71 South. 521,[1] decided to-day. In the present case it appears that the plaintiff accepted and drew out the money which the defendant had deposited in bank with a view of preventing the forfeiture of the lease. The deposit was not made, however, until more than a year after the option was forfeited by the defendant's failure to drill a well within the year after the signing of the contract. The suit was filed four months after the grantee made the deposit. The amount of the deposit was for only one year's rent; hence nothing was paid in advance. The grantor's acceptance of the consideration for the time that the option was regarded by him and the grantee as being in force did not prevent his demanding that the contract be decreed null thereafter. In all other respects the facts of this case are the same as in the case of Bettie Bristo v. Christine Oil & Gas Co. For the reasons this day handed down in that case, the judgment appealed from herein is affirmed.

---

(71 South. 524)

No. 20432.

PARROTT v. KIRSCHLER.

(April 3, 1916.)

*(Syllabus by the Court.)*

ESTOPPEL ☞92(2)—ANNULMENT OF INVALID OPTION—ACCEPTANCE OF CONSIDERATION.

The grantor's acceptance of the consideration paid by the grantee for keeping an indefinite, and therefore invalid option in force, during the time both parties considered it in force, does not prevent the grantor's demanding that it be decreed null thereafter.

[Ed. Note.—For other cases, see Estoppel, Cent. Dig. § 261; Dec. Dig. ☞92(2).]

Appeal from Twelfth Judicial District Court, Parish of De Soto; James G. Palmer, Judge.

Action by Andrew Parrott against Charles F. Kirschler. From judgment for plaintiff, defendant appeals. Affirmed.

Liverman & Pollock, of Mansfield, and Hampden Story, of Shreveport, for appellant. Lee, Hardin & Atkinson, of Leesville, for appellee.

O'NIELL, J. The defendant has appealed from a judgment annulling a contract purporting to be a mineral lease, similar to the contract decreed null in the case of Bettie Bristo v. Christine Oil & Gas Co., 71 South. 521,[1] decided to-day. In the present case it appears that the plaintiff accepted and drew out the money deposited by the defendant with a view of preventing the forfeiture of

---

[1] Ante, p. 312.